MICHAEL L. RABB (#13734)
THE RABB LAW FIRM, PLLC
101 E. Main St. Suite G
Bozeman, MT 59715
Telephone: (406) 404-1747
Facsimile: (406) 551-6847
Email: mrabb@therabblawfirm.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| RAYMOND STALIE, and EVA STALIE, as co-personal representatives of the ESTATE OF ROBERT STALIE, and CLAUDETTE STALIE, individually, | **CASE NO. 9:17-cv-00074-DLC** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS, PERSONAL INJURIES AND WRONGFUL DEATH** (42 U.S.C. § 1983 and Pendant State Claims) |
| vs. | |
| THE CITY OF LIBBY, a municipal entity, CHIEF OF POLICE JAMES SMITH, an individual, LINCOLN COUNTY, a municipal entity, CHARLENE WILLIAMSON, an individual, DETENTION OFFICER JAMES DERRYBERRY, an individual, DETENTION OFFICER CHANEL GEER, and DOES 1-10 inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs, by and through their undersigned counsel, bring this action arising from the death of Robert Stalie while he was in the custody and care of Lincoln County and the City of Libby, and was detained at the Lincoln County Sheriff Office ("LCSO") detention center in Libby, Montana on August 28, 2014.

## JURISDICTION

1. This action arises under 42 U.S.C. § 1983 and under Montana law. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1343. The state

law claims are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2.      The amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

**VENUE**

3.      Venue is proper in this Court under 28 U.S.C. § 1391 and Local Montana District Rule 3.2(b) because at least one defendant resides in this judicial district, and all unlawful acts, omissions and practices alleged herein occurred in the City of Libby in Lincoln County, Montana, which is within the Missoula Division of this Federal District.

**PARTIES**

4.      At all times alleged herein, Robert Stalie was an unmarried adult male, the child of Plaintiff Claudette Stalie, and the sibling of Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis. Claudette Stalie and the siblings are collectively referred to herein as "wrongful death claimants".

5.      On August 28, 2014 -- at the age of fifty-five -- Robert Stalie died while he was detained at the LCSO detention center in Libby, Montana.

6.      Plaintiff Raymond Stalie is, and at all times alleged herein was, a competent adult who resides in the State of Colorado and is the surviving brother of decedent Robert Stalie.

7.      Plaintiff Eva Stalie is, and at all times alleged herein was, a competent adult who resides in the State of Colorado and is the surviving sister of decedent Robert Stalie.

8.      Plaintiffs Raymond Stalie and Eva Stalie are co-personal representatives of the Estate of Robert Stalie, which is open and pending in Montana's Nineteenth Judicial District in Lincoln County as DP-15-40.

9.      Plaintiffs Raymond Stalie and Eva Stalie assert certain causes of action set forth herein as co-personal representatives, ~~and~~ on behalf of, the Estate of Robert Stalie and assert wrongful death claims on behalf of the wrongful death claimants pursuant to §27-1-513, MCA.

2

10.     Plaintiff Claudette Stalie is, and at all times alleged herein was, a competent adult who resides in the State of Colorado and is the surviving mother of decedent Robert Stalie.

11.     Fee Kopper is, and at all times alleged herein was, a competent adult who resides in the State of Colorado and is the surviving sister of decedent Robert Stalie.

12.     Margaret Markis is, and at all times alleged herein was, a competent adult who resides in the State of Colorado and is the surviving sister of decedent Robert Stalie.

13.     Rochelle Stalie is, and at all times alleged herein was, a disabled adult who resides in the State of Colorado and is the surviving sister of decedent Robert Stalie.

14.     Rochelle Stalie's claims are brought on her behalf by her guardian, and mother, Claudette Stalie.

15.     Pursuant to § 2-9-301, MCA the Plaintiffs, and each of them, caused a "Notice of Claim" dated December 9, 2016 to be timely delivered to the City of Libby on December 14, 2016.  Each claim was rejected by The City of Libby's failure to respond to the "Notice of Claim."

16.     Pursuant to § 2-9-301, MCA the Plaintiffs, and each of them, also caused a "Notice of Claim" dated December 9, 2016 to be timely delivered to Lincoln County on December 14, 2016.  Each claim was rejected by Lincoln County, in a writing dated December 27, 2016.

17.     Defendant City of Libby ("Libby") is, and at all times alleged herein was, a municipal entity duly organized and existing under the laws of the State of Montana.

18.     Defendant Lincoln County ("Lincoln") is, and at all times alleged herein was, a municipal entity duly organized and existing under the laws of the State of Montana.

19.     At all times alleged herein, defendant James Smith (hereinafter "Smith") was the Chief of Police for Libby, was employed by the City of Libby and was acting within his scope of employment.  Defendant Smith is sued in his individual capacity.

20.     At all times alleged herein, defendant Chanel Geer (hereinafter "Geer"), was

a detention officer employed by the Lincoln County Sheriff's Department and was acting within her scope of employment, under the authority of Lincoln County and under the color of law. Officer Geer is sued in her individual capacity.

21.    At all times alleged herein, defendant James Derryberry (hereinafter "Derryberry"), was a detention officer, employed by the Lincoln County Sherriff's Department and was acting within his scope of employment, under the authority of Lincoln County and under the color of law.  Officer Derryberry is sued in his individual capacity.

22.    At all times alleged herein, defendant Charlene Williamson (hereinafter "Williamson"), was a dispatcher, employed by the Lincoln County Sherriff's Department and was acting within her scope of employment, under the authority of Lincoln County and under the color of law.  Dispatcher Williamson is sued in her individual capacity.

23.    At the time this Complaint was filed, Plaintiffs were additionally ignorant of the true names and capacities of Does 1-10 and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe that each of the fictitiously named defendants is liable or responsible in some manner to Plaintiffs for the damages alleged. Plaintiffs will amend this Complaint to allege Doe 1-10's true names and capacities when the same are ascertained.

24.    Plaintiffs are informed and believe, and on that basis allege that at all times herein mentioned each of the defendants, including the defendants sued herein as Does 1-10, were acting as the agent, servant, partner, joint venturer and/or employee of their co-defendants, and were acting within the scope of that authority with the full knowledge, permission, and express or implied consent of each of the remaining Defendants.

25.    At all times alleged herein all Defendants, and each of them, acted under the color of authority and/or under the color of law.

## GENERAL ALLEGATIONS

26.    Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

27.     All the following allegations occurred in the afternoon of August 28, 2014, and in the early morning hours of August 29, 2014.

28.     On August 28, 2014 at approximately 3:23 p.m. Chief Smith, while on duty with the City of Libby Police Department, encountered Robert Stalie and his dog at Sons of the South BBQ on the corner of 3rd Street and Mineral Avenue in Libby, Montana.

29.     Chief Smith believed that Robert Stalie appeared to be intoxicated and impaired, and suspected that Robert Stalie had been involved in a misdemeanor theft at Libby Sports Center.

30.     Chief Smith drew his weapon and held decedent Robert Stalie at gunpoint.

31.     Shortly thereafter deputies John Davis and John Hyslop arrived and assisted in the detention and arrest of Robert Stalie.

32.     Chief Smith placed Robert Stalie under arrest and took him into custody involuntarily.

33.     Chief Smith commenced a "pat-down" whereupon he located a "plastic bottle of green leafy substance" and a "pipe" that he believed "smelled of burnt marijuana."

34.     During the arrest and "pat-down," Robert Stalie was cooperative, did not resist, but appeared to be confused and intoxicated to the point of inebriation.

35.     Robert Stalie expressed concern to Chief Smith and deputies Davis and Hyslop about the well-being of his golden-retriever dog.

36.     Chief Smith placed Robert Stalie in his patrol car and transported him approximately two-blocks to the LCSO detention center, leaving Robert Stalie's dog with deputies Davis and Hyslop at 3rd Street and Mineral Avenue.

37.     Upon arriving at the LCSO detention center Robert Stalie still smelled of alcohol and according to Chief Smith exhibited signs of intoxication and impairment.

38.     Robert Stalie and Chief Smith approached "Door" 2" of the LCSO detention center.

39.      Officers Derryberry and Geer opened "Door 2" and permitted Chief Smith

and Robert Stalie to enter a room referred to as the "sally port", whereupon Robert Stalie was placed into Lincoln County's custody, control and care.

40.     After Chief Smith and Robert Stalie entered the "sally port," officers Derryberry and Geer conducted another thorough "pat-down" of Robert Stalie -- who, they contend, continued to exhibit signs of extreme intoxication, impairment and again expressed concern about the wellbeing of his dog.

41.     During the "pat-down" officer Derryberry removed items from Robert Stalie's person and officer Geer inventoried the items.

42.     Among the items removed and inventoried was a prescription medication bottle entitled "Clonazepam" containing twenty-four and one-half pills.

43.     Clonazepam is a medication used to prevent and treat seizures and anxiety disorder and is a central nervous system depressant, it also increases the risk of suicidal behavior and ideations.

44.     Chief Smith remained in the "sally port" with officers Derryberry, Geer and Robert Stalie and performed a "NIK" test on the "green leafy substance," which he removed from Robert Stalie earlier.

45.     Chief Smith contended that the "NIK" test returned a positive for marijuana.

46.     Approximately four-and-a-half minutes after arriving at the LCSO, officers Derryberry and Geer proceeded with a "skeleton-booking" per LCSO detention center policy whereby they are to place Robert Stalie in an isolation cell and wait for him to "sober-up" before they completed the booking process.

47.     After officers Derryberry and Geer completed their "pat-down" and inventory of Robert Stalie's personal effects, officer Derryberry accompanied Robert Stalie to a room to allow Robert Stalie to change clothes into an LCSO inmate jumpsuit.

48.     While Robert Stalie was with officer Derryberry, officer Geer placed a white sheet and a blanket in a cell referred to as "A-Cell".

49.     A-Cell is a small room, approximately one-hundred-and-one square feet in size, and is located directly in-front of the officers' desks, which are in a room surrounded

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS,
PERSONAL INJURIES AND WRONGFUL DEATH

by glass windows facing A-Cell's door.

50.    A-Cell has no windows.  It has one metal door with a small port-hole opening covered by a metal flap on the top of the door, and a small slat opening with a metal hinge-door on the bottom.

51.    There is a toilet, sink, and a small bed in A-Cell.

52.    At all times alleged herein there was also a security camera mounted in A-Cell and its video was displayed in real-time on a screen located in Lincoln County dispatch, and directly in-front of the dispatcher on duty.

53.    At all times alleged herein defendant Charlene Williamson was the dispatcher on-duty.

54.    After Robert Stalie had changed into a LCSO jumpsuit, officers Geer and Derryberry escorted and placed Robert Stalie alone in A-Cell.

55.    Robert Stalie had Clonazepam and significant amounts of THC and alcohol in his system at the time that Chief Smith arrested him, and through the time that officers Geer and Derryberry placed him in A-Cell.

56.    Robert Stalie was not examined by either a medical or mental health professional prior to being placed in A-Cell.

57.    Robert Stalie laid down on the small bed located in A-Cell.

58.    Approximately ten-minutes later Chief Smith and officer Geer entered A-Cell for forty-seconds and then left.

59.    Approximately three-minutes after that, officer Geer opened the porthole-window, located on the top of the door, and looked inside A-Cell.

60.    Over the next hour-and-a-half, officer Geer opened the porthole-window and looked inside A-Cell approximately every half-hour.

61.    Then, about twenty-seven minutes after officer Geer last looked through the port-window, Robert Stalie began to walk around A-Cell with the white sheet that officer Geer had placed in A-Cell.

62.    Robert Stalie then waived the white sheet out of the slat-opening on the

7

bottom of the A-Cell's door.

63.    Approximately thirty-minutes after officer Geer last looked through the port-window, Robert Stalie tied the white sheet around his neck, and then affixed it to the faucet on the sink in A-Cell.

64.    Video of Robert Stalie's conduct was being transmitted in real-time to a screen in-front of Dispatcher Williamson.

65.    At no time did Dispatcher Williamson attempt to notify officers Derryberry or Geer of Robert Stalie's conduct.

66.    Plaintiffs are informed and believe that it took over twenty-five minutes for the noose to kill Robert Stalie.

67.    About an hour-and-twenty minutes after Geer last looked through the port-window, officer Geer opened the A-Cell door and saw Robert Stalie on the ground with the white sheet tied around his neck and affixed to the facet on the sink.

68.    Officer Geer then left A-Cell and retrieved officer Derryberry.

69.    For the next ten-minutes officers Geer and Derryberry looked at Robert Stalie, but neither attempted to resuscitate him.

70.    Over ten-minutes after officer Geer found Robert Stalie, deputy Steve Short and officer Derryberry finally attempted resuscitation measures on Robert Stalie.

71.    Eleven-minutes after officer Derryberry and deputy Short stopped resuscitation measures the paramedics arrived and determined that Robert Stalie was deceased.

72.    Four-minutes after the paramedics arrived, they departed and left Robert Stalie's body on the floor of A-Cell where it remained for ten-hours before it was finally removed from the LCSO detention center.

**FIRST CAUSE OF ACTION – 42 U.S.C. §1983**
**VIOLATION OF THE 8TH AND 14TH AMENDMENTS OF THE UNITED**
**STATES CONSTITUTION**
**Survival Action**

(Plaintiffs Raymond Stalie and Eva Stalie as Co-Personal Representatives on behalf of the Estate of Robert Stalie as a survival action as permitted by §27-1-501, MCA against Defendants Geer, Derryberry, Williamson, and Does 1-10)

73.     Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

74.     At all times alleged herein Robert Stalie was in the custody and control of The City of Libby and/or Lincoln County against his own accord, and Defendants Geer, Derryberry, Williamson, and Does 1-10 had an affirmative duty to protect him.

75.     Robert Stalie was entitled to the protections, rights, immunities and privileges afforded to him by the laws of the United States and the United States Constitution, including the Eighth and Fourteenth Amendments, such rights included the right to be free from cruel and unusual punishment and the right not to be deprived of life without due process of law.

76.     At all times alleged herein Defendants Geer, Derryberry, Williamson and Does 1-10 acted under the color of law.

77.     The actions and/or inactions of Defendants, Geer, Derryberry, Williamson and Does 1-10 deprived Robert Stalie of the protections, rights, privileges, and immunities provided to him by the laws of the United States or the United States Constitution, including the Eighth and Fourteenth Amendments.

78.     At all times alleged herein Defendants Geer, Derryberry, Williamson and Does 1-10 acted in such a manner as to shock the conscious because they acted with deliberate indifference to the rights afforded to Robert Stalie under the Eighth and Fourteenth Amendments of the United States Constitution, by among other things:

       a.  Failing to attend to his medical needs;

       b.  Failing to attend to his mental health needs;

       c.  Failing to provide life-saving treatment;

       d.  Increasing his vulnerability to harm;

       e.  Failing to properly monitor him;

       f.  Creating or contributing to an unconstitutional risk of harm;

9

79.     The acts and/or omissions of Defendants Geer, Derryberry, Williamson and Does 1-10 resulted in the denial of necessary medical needs and life's necessities, and were sufficiently serious so as to constitute a violation of the Eighth Amendment of the United States Constitution.

80.     Plaintiffs are informed and believe that Defendants Geer, Derryberry, Williamson and Does 1-10 knew, or should have known of the substantial risk of harm, and to health and safety that was faced by Robert Stalie, but that they failed to act.

81.     As a direct and proximate result of Defendants Geer, Derryberry, Williamson and Does 1-10's conduct Robert Stalie suffered severe physical injuries, mental anguish, pain and suffering, loss of enjoyment of life and life itself, and loss of wage earning capacity, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs Raymond Stalie and Eva Stalie, on behalf of the Estate of Robert Stalie, pray for judgment in the Estate's favor and against Defendants Geer, Derryberry, Williamson, Does 1-10, and each of them, as set-forth in the Prayer for Relief below.

## SECOND CAUSE OF ACTION – 42 U.S.C §1983
## Wrongful Death
(Plaintiffs Raymond Stalie, and Eva Stalie, as Co-Personal Representatives of the Estate of Robert Stalie on behalf of wrongful death claimants as permitted by §27-1-513, MCA against Defendants Geer, Derryberry, Williamson, and Does 1-10)

82.     Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

83.     Plaintiffs Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis are survivors of Robert Stalie, under Montana law, and have suffered personal loss as a result of Robert Stalie's death.

84.     The United States Constitution provided Robert Stalie with certain protected rights, including, but not limited to:

a.   The right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.

b. The right not to be deprived of life, liberty or property without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

85. Defendants Geer, Derryberry, Williamson, and Does 1-10, under the color of law, acted with reckless, callous and deliberate indifference to the rights afforded to Robert Stalie under the Eighth and Fourteenth Amendments of the United States Constitution including, but not limited to, his life and liberty.

86. As a direct and proximate result of Defendants Geer, Derryberry, Williamson and Does 1-10's conduct, Robert Stalie was killed and Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis suffered, and continue to suffer, injuries including, but not limited to emotional distress, grief, sorrow, and mental anguish in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Geer, Derryberry, Williamson and Does 1-10, and each of them, as set-forth in the Prayer for Relief below.

**THIRD CAUSE OF ACTION – 42 U.S.C. §1983**
**VIOLATION OF THE 1ST AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION**
**Violation of Plaintiff's Civil Rights to Familial Relationship**
(Plaintiff Claudette Stalie, individually, against Defendants Geer, Derryberry, Williamson, and Does 1-10)

87. Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

88. Plaintiff Claudette Stalie is afforded certain rights and privileges by the United States Constitution and its First and Fourteenth Amendments, including the right to associate, the right to familial relationships and a protected liberty interest in the companionship and society of her child.

89. Defendants Geer, Derryberry, Williamson, and Does 1-10 acted under the color of law and with reckless, callous and deliberate indifference to Plaintiff Claudette

Stalie and Robert's Stalie's rights, and deprived Plaintiff Claudette Stalie of her right to a familial relationship, companionship, society, and to associate, with her son Robert Stalie when their actions and inactions resulted in his death.

90.   As a direct and proximate result of Defendants Geer, Derryberry, Williamson, and Does 1-10's conduct, Plaintiff Claudette Stalie has suffered, among other injuries, severe mental and emotional injuries, loss of familial relations and loss of comfort, protection, companionship, love, affection, solace, moral and financial support in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff Claudette Stalie prays for judgment in her favor and against Defendants Geer, Derryberry, Williamson, and Does 1-10, and each of them, as set-forth in the Prayer for Relief below.

## FOURTH CAUSE OF ACTION – 42. U.S.C. § 1983
### (*MONELL*)

(Plaintiffs Raymond Stalie, and Eva Stalie, as Co-Personal Representatives of the Estate of Robert Stalie, on behalf of the Estate of Robert Stalie pursuant to §27-1-501, MCA and the wrongful death claimants pursuant to §27-1-513, MCA against Defendants Lincoln County and Does 1-10)

91.   Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

92.   At all times alleged herein Robert Stalie was in the custody of Lincoln County against his own accord, and Lincoln County had an affirmative duty to protect him.

93.   Robert Stalie was entitled to the protections, rights, immunities and privileges afforded to him by the laws of the United States and the United States Constitution, including the Eighth and Fourteenth Amendments, such rights included the right to be free from cruel and unusual punishment and the right not to be deprived of life without due process of law.

94.   Plaintiffs Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis are survivors of Robert Stalie under Montana law and have

suffered personal loss as a result of Robert Stalie's death.

95.     Plaintiff Claudette Stalie is afforded certain rights and privileges by the United States Constitution and its First and Fourteenth Amendment, including the right to associate, the right to familial relationships and a protected liberty interest in the companionship and society of her child.

96.     Plaintiffs are informed and believe that the acts and omissions of Derryberry, Geer, Williamson, and Does 1-10 were a result of Lincoln County, and Does 1-10's ratification, or adoption of policies, procedures and customs that deprived Robert Stalie of the rights afforded to him under the Eighth and Fourteenth Amendments of the United States Constitution, and deprived Claudette Stalie of the rights afforded to her under the First and Fourteenth Amendments of the United States Constitution.

97.     Plaintiffs are further informed and believe that the acts and omissions of Derryberry, Geer, Williamson, and Does 1-10 are indicative and representative of a repeated course of conduct by members of the Lincoln County Sheriff Department and are tantamount to a custom, policy and/or repeated practice of condoning and tacitly encouraging the deliberate disregard, and indifference of the violations to the constitutional rights of citizens, including those that are similarly situated as Robert Stalie.

98.     Among the policies, procedures and customs, that Lincoln County adopted, ratified and implemented are:

      a.  Inadequate staffing, which fail to meet the needs, including medical and mental health needs, of the inmates;

      b.  Failure to train personnel about persons whom they would regularly come into contact with including, but not limited to, intoxicated persons and persons taking mental health medications;

      c.  Improper delegation of authority to officers to determine whether medical or mental health treatment was necessary;

      d.  The performance of "skeleton bookings" of intoxicated inmates without an examination by qualified medical or mental health personnel;

e. The placement of intoxicated and medicated inmates in isolation without special supervision or proper and frequent observation;

f. Failure to conduct surveillance on inmates, including inmates who were "skeleton-booked," more frequently to ensure their safety;

g. Failure to require monitoring of security cameras placed in-front of County personnel;

h. Failure to require immediate necessary life-saving medical attention to inmates who need it;

99.   As a direct and proximate result of the policies and customs of Lincoln County, and Does 1-10, Claudette Stalie was deprived of the protections, rights, privileges, and immunities provided to her by the laws of the United States or the United States Constitution, including the First and Fourteenth Amendments.

100.   As a direct and proximate result of the policies and customs of Lincoln County, and Does 1-10, Robert Stalie was deprived of the protections, rights, privileges, and immunities provided to him by the laws of the United States or the United States Constitution, including the Eighth and Fourteenth Amendments and suffered severe physical injuries, mental anguish, pain and suffering, loss of enjoyment of life and life itself, and loss of wage earning capacity, in an amount to be determined by the trier of fact.

101.   As a direct and proximate result of the policies and customs of Lincoln County and Does 1-10, Robert Stalie was killed and Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis suffered, and continue to suffer, injuries including, but not limited to, emotional distress, grief, sorrow, and mental anguish in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants Lincoln County and Does 1-10, and each of them as set-forth in the Prayer for Relief below.

## FIFTH CAUSE OF ACTION – STATE LAW NEGLIGENCE
### (Survivor Action - Negligence)

(Plaintiffs Raymond Stalie and Eva Stalie as Co-Personal Representatives on behalf of Robert Stalie as a survival action permitted by §27-1-501, MCA against Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, The City of Libby, and Does 1-10)

102.   Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

103.   At all times alleged herein Defendants Geer, Derryberry, Williamson and Does 1-10 were employed by Lincoln County and acting within the scope of their employment.

104.   Defendant Lincoln County is liable for the actions and inactions of Defendants Geer, Derryberry, Williamson, and Does 1-10, which are alleged herein.

105.   At all times alleged herein Defendant Smith and Defendant Does 1-10 were employed by The City of Libby and acting within the scope of their employment.

106.   Defendant City of Libby is liable for the actions and inactions of Defendant Smith, and Does 1-10, which are alleged herein.

107.   At all times alleged herein Robert Stalie was in the custody of Defendants Geer, Derryberry, Williamson, Smith, The City of Libby and/or Lincoln County against his own accord, and Defendants Smith, Geer, Derryberry, Williamson, and Does 1-10 had an affirmative duty to protect him under the Public Duty Doctrine.

108.   Defendants Smith, Geer, Derryberry, Williamson, and Does 1-10 knew or should have known that Robert Stalie was prone to attempt suicide.

109.   Defendants Geer, Derryberry, Williamson, Smith and Does 1-10 breached that duty when they among other things:

> a.   Failed to attend to his medical needs;
>
> b.   Failed to attend to his mental health needs;
>
> c.   Failed to provide life-saving treatment;
>
> d.   Increased his vulnerability to harm;

e.  Failed to properly monitor him;

f.  Created or contributed to an unconstitutional risk of harm;

110.  Defendant Smith and Does 1-10 breached that duty when they, among other things, failed to inform Lincoln County that Robert Stalie was intoxicated by alcohol or otherwise, and that he likely ingested the medication that was found on his person.

111.  Defendants Lincoln County, the City of Libby and Does 1-10 breached that duty when they, among other things, failed to train officers on encounters with people similarly situated to Robert Stalie, and failed to provide qualified medical personnel to examine Robert Stalie before placing him in isolation.

112.  Plaintiffs are informed and believe that Defendants Smith, Geer, Derryberry, Williamson and Does 1-10 knew, or should have known, of the substantial risk of harm, and the risk to health and safety that Robert Stalie faced, but that they failed to act and created the circumstances that led to Robert Stalie's death.

113.  As a direct and proximate result of Defendants actions and inactions Robert Stalie suffered severe physical injuries, mental anguish, pain and suffering, loss of enjoyment of life and life itself, and loss of wage earning capacity, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs Raymond Stalie and Eva Stalie, on behalf of the Estate of Robert Stalie, pray for judgment in the Estate's favor and against Defendants, and each of them, as set-forth in the Prayer for Relief below.

## <u>SIXTH CAUSE OF ACTION – STATE LAW NEGLIGENCE</u>
## <u>Wrongful Death</u>
(Plaintiffs Raymond Stalie, and Eva Stalie, as Co-Personal Representatives of the Estate of Robert Stalie on behalf of the wrongful death claimants, as permitted by §27-1-513, MCA against Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, The City of Libby and Does 1-10)

114.  Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

115.  Plaintiffs Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee

Kopper, and Margaret Markis are survivors of Robert Stalie, under Montana law.

116.   As a direct and proximate result of Defendants' actions and inactions alleged above, Robert Stalie was killed and Plaintiffs Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis suffered, and continue to suffer, injuries including, but not limited to emotional distress, grief, sorrow, and mental anguish in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs Claudette Stalie, Rochelle Stalie, Eva Stalie, Fee Kopper, and Margaret Markis pray for judgment in their favor and against Defendants, and each of them, as set-forth in the Prayer for Relief below.

## SEVENTH CAUSE OF ACTION – STATE LAW
## Violation of Article 2 Section 17 of The Montana Constitution – Deprivation of Life
(Plaintiffs Raymond Stalie and Eva Stalie as Co-Personal Representatives on behalf of the Estate of Robert Stalie as a survival action permitted by §27-1-501, MCA against Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, The City of Libby and Does 1-10)

117.   Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

118.   Pursuant to Article 2 Section 17 of the Montana Constitution, Lincoln County, The City of Libby and Does 1-10 shall not deprive any person of life, liberty or property without due process of law, including Robert Stalie.

119.   Article 2, Section 17 of the Montana Constitution is self-executing.

120.   Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, the City of Libby, and Does 1-10 owed a duty to Robert Stalie to, among other things, not cause him harm, not increase his vulnerability to harm, and to protect him from death while in their custody.

121.   Defendant the City of Libby is vicariously liable for Defendant Smith's and Does 1-10's conduct, and is directly liable as alleged herein.

122.   Defendant Lincoln County is vicariously liable for Defendants Geer, Derryberry, Williamson, and Does 1-10's conduct, and is directly liable as alleged

herein.

123.   Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, the City of Libby, and Does 1-10 breached that duty by their actions and inactions herein that caused the death of Robert Stalie.

124.   As a direct and proximate result of Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, the City of Libby and Does 1-10's actions and inactions, Robert Stalie suffered loss of life without due process of law in violation of Article 2, Section 17 of the Montana Constitution.

WHEREFORE, Plaintiffs Raymond Stalie and Eva Stalie on behalf of the Estate of Robert Stalie pray for judgment in the Estate's favor and against Defendants, and each of them, as set-forth in the Prayer for Relief below.

## EIGHTH CAUSE OF ACTION – STATE LAW
### Violation of Article 2 Section 17 of The Montana Constitution – Wrongful Death
(Plaintiffs Raymond Stalie, and Eva Stalie, as Co-Personal Representatives of the Estate of Robert Stalie on behalf of the wrongful death claimants as permitted by §27-1-513, MCA against Defendants Smith, Geer, Derryberry, Williamson, Lincoln County, the City of Libby and Does 1-10)

125.   Plaintiffs re-allege and incorporate herein by reference each and every allegation in the preceding paragraphs.

126.   Pursuant to Article 2 Section 17 of the Montana Constitution, Lincoln County, the City of Libby, and Does 1-10 shall not deprive any person of life, liberty or property without due process of law, including Robert Stalie.

127.   Article 2, Section 17 of the Montana Constitution is self-executing.

128.   Plaintiffs Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee Kopper, and Margaret Markis are survivors of Robert Stalie.

129.   As a direct and proximate result of Defendants Smith, Geer,  Derryberry, Williamson, Lincoln County, the City of Libby and Does 1-10's actions and inactions alleged above, Robert Stalie was killed in violation of Article 2 Section 17 of the Montana Constitution and Claudette Stalie, Raymond Stalie, Eva Stalie, Rochelle Stalie, Fee

Kopper, and Margaret Markis suffered, and continue to suffer, injuries including, but not limited to, emotional distress, grief, sorrow, and mental anguish in an amount to be determined by the trier of fact.

130.   Defendant the City of Libby is vicariously liable for Defendant Smith's and Does 1-10's conduct, and is directly liable as alleged herein.

131.   Defendant Lincoln County is vicariously liable for Defendants Geer, Derryberry, Williamson, and Does 1-10's conduct, and is directly liable as alleged herein.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, and each of them, as set-forth in the Prayer for Relief below.

## JURY DEMANDED

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1.   For general damages in a sum to be determined at trial and that are just;

2.   For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3.   For funeral and burial expenses according to proof;

4.   For punitive damages and exemplary damages where available by law in amounts to be determined according to proof;

5.   For reasonable attorney's fees pursuant to 42 U.S.C. §1988 (b), under the Montana Private Attorney General Theory, and as otherwise permitted by law;

6.   For permissible statutory damages;

7.   Pre-judgment and post-judgment interest, as well as reasonable attorneys' fees and experts' witness fees and other costs; and

8.     Such other relief as this Court deems just and appropriate.

Dated:  December 5, 2017                    THE RABB LAW FIRM, PLLC


MICHAEL L. RABB
Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS,
PERSONAL INJURIES AND WRONGFUL DEATH

<u>CERTIFICATE OF SERVICE</u>

I certify that on December 5, 2017, a copy of the foregoing document was served on the following persons by the following means:

_X__CMF/ECF
_____Hand delivery
_____US Mail
_____Overnight delivery service
_____Fax
_____E-mail


Greg L. Bonilla                                        Todd A. Hammer
Maureen H. Lennon                                Hammer, Quinn & Shaw, PLLC
MACo Defense Services                          P.O. Box 7310
2717 Skyway Drive, Suite F                   Kalispell, MT 59904-0310
Helena, MT 59602-1213


_____
Natasha Cluff Bivens

FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS,
PERSONAL INJURIES AND WRONGFUL DEATH